# White and Williams LLP



824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245


CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 APR -4  PM 4: 33

*James S. Yoder*
*Counsel*
*Direct Dial: 302.467.4524*
*Direct Fax: 302.467.4554*
*yoderj@whiteandwilliams.com*

April 4, 2005

**By Hand Delivery**

Clerk of the Court
United States District Court
844 N. King Street
Wilmington, DE 19801

   **RE:   NationsRent Unsecured Creditors' Liquidating Trust, Perry
   Mandarino, not personally, but as Trustee v. Texana Machinery
   Corporation, Case No. 04-CV-805 (KAJ)**

Dear Sir/Madam:

   I am enclosing herewith a corrected Answer to Adversary Complaint (D.I. #10), which contains and original signature, with regard to the above-referenced matter.

                                                   Respectfully yours,

                                                   WHITE AND WILLIAMS LLP

                                            By:    *[signature]*
                                                   James S. Yoder

JSY:kab
Enclosure

cc:   Kenneth A. Rosen, Esquire (w/enc.)
      Neil B. Glassman, Esquire (w/enc.)

*Allentown, PA • Berwyn, PA• Cherry Hill, NJ • New York, NY*
*Paramus, NJ • Philadelphia, PA • Pittsburgh, PA • Wilmington, DE*

DOCS_DE 108503v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 APR -4  PM 4: 33

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NATIONSRENT, INC., *et al.*, | : | Case Nos. 01-11628 through 01-11639 (PJW) |
| Debtors. | : | (Jointly Administered) |
| NATIONSRENT UNSECURED CREDITORS' LIQUIDATING TRUST, PERRY MANDARINO, not personally, BUT AS TRUSTEE, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 03-59645 (PJW) |
| TEXANA MACHINERY CORPORATION, | : | District Court Case No. 04-CV-805 (KAJ) |
| Defendant. | : | |

## ANSWER TO ADVERSARY COMPLAINT
## TO AVOID AND RECOVER PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Defendant, Texana Machinery Corporation ("Defendant"), by its attorneys, answers the Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed by Perry Mandarino as Trustee for NationsRent Unsecured Creditors' Liquidating Trust ("Plaintiff"), as follows:

### INTRODUCTION

1. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. Defendant lacks sufficient information to affirm or deny the allegations set forth in this paragraph.

2. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. Defendant lacks sufficient information to affirm or deny the allegations set forth in this paragraph.

3. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. Defendant lacks sufficient information to affirm or deny the allegations set forth in this paragraph.

4. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. Admitted that the Defendant, is limited liability company, Texana One Machinery LTD, doing business as Texana Machinery Corporation and maintains an address at 4146 IH-10 East, San Antonio, TX 78219.

## JURISDICTION AND VENUE ALLEGATIONS

5. The allegations set forth in this paragraph state a series of legal conclusions to which a response is not required by Defendant.

6. The allegations set forth in this paragraph state a series of legal conclusions to which a response is not required by Defendant.

7. The allegations set forth in this paragraph state a series of legal conclusions to which a response is not required by Defendant.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS

8. Defendant incorporates by reference paragraphs 1-7 of this Answer as though fully set forth herein.

9. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. Admitted that certain records indicate that a debtor in the above captioned action transferred checks to Texana. Defendant leaves Plaintiff

to its proofs as to which of the alleged transfers, if any, were made within 90 days prior to the Petition Date. Defendant leaves Plaintiff to its proofs as to whether said transfers were of Debtor's property. Defendant leaves Plaintiff to its proofs as to the authenticity and/or accuracy of the purported summary of transfers attached as Exhibit "A" to the Complaint. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

10. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. To the extent that any factual averment is set forth in this paragraph, Defendant lacks sufficient information to affirm or deny same, an investigation is ongoing. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

11. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. To the extent that any factual averment is set forth in this paragraph, Defendant lacks sufficient information to affirm or deny same, an investigation is ongoing. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

12. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. To the extent that any factual averment is set forth in this paragraph, Defendant lacks sufficient information to affirm or deny same, an investigation is ongoing. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

13. To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. To the extent that any factual averment is

-3-

DOCS_DE 102269v1

set forth in this paragraph, Defendant lacks sufficient information to affirm or deny same, an investigation is ongoing. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

14.    To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. To the extent that any factual averment is set forth in this paragraph, Defendant lacks sufficient information to affirm or deny same, an investigation is ongoing. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

15.    To the extent that any allegation set forth in this paragraph states a legal conclusion, a response is not required by Defendant. To the extent that any factual averment is set forth in this paragraph, Defendant lacks sufficient information to affirm or deny same, an investigation is ongoing. Defendant denies each and every allegation of liability to Plaintiff contained in, or derived from, this paragraph both generally and specifically.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should be reduced and/or eliminated to the extent that any pre-petition transfer was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; made in ordinary course of business or financial affairs of the Debtor and Defendant; and made according to ordinary business terms. The transfer is not avoidable pursuant to 11 U.S.C. §547(b) by virtue of §547(c)(2).

## THIRD AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should be reduced and/or eliminated by the new value given after any alleged preferential transfer(s) as provided by 11 U.S.C. §547(c)(4). Defendant, after any and all alleged preferential transfer(s), gave new value to or for the benefit of Debtor, not secured by any otherwise avoidable security interest; and on account of which new value the Debtor did not make an otherwise avoidable transfer to or for the benefit of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should be reduced and/or eliminated to the extent that each transfer was intended by Debtor and Defendant, for whose benefit such transfer was made, to be a contemporaneous exchange for new value given to the Debtor and in fact a substantially contemporaneous exchange took place, 11 U.S.C. §547(c)(1).

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should be reduced and/or eliminated to the extent that Debtor was not insolvent on the date that such transfer was made or such obligation was incurred, or did not become insolvent as a result of such transfer.

## SIXTH AFFIRMATIVE DEFENSE

Any recovery against non-insider, Defendant, should be reduced and/or eliminated to the extent that any transfer alleged to be preferential occurred more than 90 days prior to the Debtor's petition date, and therefore fails to satisfy the requirements of 11 U.S.C. §547(b)(4)(A).

## SEVENTH AFFIRMATIVE DEFENSE

Any liability of Defendant to Debtor arising under 11 U.S.C. §547(b) should be set off against any claim of Defendant against Debtor to the extent permissible by law.

DOCS_DE 102269v1

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

A.  Enter judgment in favor of Defendant and against Plaintiff as to any transfer challenged under 11 U.S.C. §547(b);

B.  Enter judgment in favor of Defendant and against Plaintiff under 11 U.S.C. §550(a)(1), as well as denying Plaintiff's claims for pre-judgment interest, post-judgment interest, fees and costs;

C.  Order that Plaintiff take nothing by reason of its Complaint;

D.  Award Defendant costs of suit incurred herein;

E.  Award Defendant reasonable attorneys' fees incurred herein to the extent allowable by law; and

F.  Grant such other and further relief as the Court deems just and proper.

WHITE AND WILLIAMS LLP

_____
James S. Yoder (DE# 2643)
White and Williams LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302-467-4524
Fax:    302-467-4554
Counsel for Defendant

Dated: December 6, 2004

DOCS_DE 102269v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NATIONSRENT, INC., *et al.*, | : | Case Nos. 01-11628 through |
| | : | 01-11639 (PJW) |
| Debtors. | : | |
| _____ | : | (Jointly Administered) |
| | : | |
| NATIONSRENT UNSECURED CREDITORS' LIQUIDATING TRUST, PERRY MANDARINO, not personally, BUT AS TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 03-59645 (PJW) |
| | : | |
| TEXANA MACHINERY CORPORATION, | : | District Court Case No. 04-CV-805 (KAJ) |
| | : | |
| Defendant. | : | |
| _____ | : | |

**CERTIFICATE OF SERVICE**

I, James S. Yoder, hereby certify that I am not less than 18 years old, and that I caused service of the Answer of Texana Machinery Corporation, on December 6, 2004 to the parties listed below in the manner so indicated.

| **Via First Class Mail** | **Via Hand Delivery** |
|---|---|
| Kenneth A. Rosen, Esquire | Neil B. Glassman, Esquire |
| Lowenstein Sandler PC | The Bayard Firm |
| 65 Livingston Avenue | 222 Delaware Avenue, Suite 900 |
| Roseland, NJ 07068 | Wilmington, DE 19801 |

Under penalty of perjury, I declare that the foregoing is true and accurate.

_____
James S. Yoder (DE# 2643)

Dated: December 6, 2004

DOCS_DE 102269v1